IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**BELINDA LeMAIRE**                                                                                    **PLAINTIFF**

VS.                                    **CASE NO. 5:17-CV-5104 (PKH)**

**MONSTER ENERGY COMPANY**                                                  **DEFENDANT**

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND FOR PAYMENT OF ATTORNEYS' AND EXPERT FEES

Defendant Monster Energy Company (MEC), by its attorneys CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and for its Motion to Dismiss Plaintiff Belinda LeMaire's Complaint with Prejudice, and For Payment of Attorneys' and Expert Fees, states as follows:

1. On August 30, 2018, this Court ordered Plaintiff to, among other things, undergo a skin-prick examination with Dr. Matthew Bell at the Hedberg Allergy and Asthma Center's (Hedberg Clinic) Fayetteville location. *ECF No. 47*.

2. After two weeks of scheduling the skin-prick examination, the parties agreed that Plaintiff would undergo that examination on September 18, 2018 at 4 p.m. **Exhibit 1**, Scheduling Correspondence Exchanged Between Counsel.

3. The Court, in its Order, rejected Plaintiff's request to unilaterally decide whether a particular testing location was safe, and it expressly warned Plaintiff that her failure to submit to the skin-prick examination would result in sanctions, including dismissal of her Complaint. *ECF No. 47*, at P. 9–10.

4. Despite the Court's clear warning, on September 18, 2018, Plaintiff Belinda LeMaire willfully violated this Court's Order by refusing to submit to her scheduled skin-prick examination. Plaintiff's misconduct, however, is significantly more serious than only failing to arrive for a previously-scheduled appointment: by her own account, Plaintiff "cause[d] a

1

238066

freaking scene" in the Hedberg Clinic's parking lot, and—without any justification or provocation—she repeatedly directed abusive language at a Clinic employee who merely offered to lead Plaintiff into the building through a back entrance, as her attorney had previously requested. *See* **Exhibit 2**, Affidavit of Evelyn Aponte; *see also* **Exhibit 3**, Correspondence Dated September 18, 2018 and **Exhibit 4**, Affidavit of Dr. Matthew Bell.

5. Plaintiff's stated reasons for refusing to submit to the skin-prick examination as ordered and as mutually-scheduled was that she did not want to "walk in [the Hedberg Clinic] with a G** D*** fish tank[,]" and because she felt as though the examination could cause her to "go into a coma and . . . die." *Exhibit 2(A)*.

6. Plaintiff was fully aware of the consequences associated with her refusal to submit to the examination, *ECF No. 47*, at P. 10 ("Plaintiff is reminded that failure to comply with this order will result in an appropriate sanction, including dismissal."), and she must now be held accountable under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure.

7. As discussed in MEC's contemporaneously-filed Brief in Support, Plaintiff's uniquely contemptuous conduct demands dismissal of her Complaint with prejudice, together with an additional sanction of being ordered to pay for all of MEC's reasonable attorneys' and expert fees and costs incurred in connection with her refusal to comply with the Court's Order.

8. To the extent that this Motion could be construed as a discovery motion, MEC asserts that it has conferred in good faith with opposing counsel in material compliance with Local Rule 7.2 as well as with this Court's Second Amended Final Scheduling Order, *ECF No. 48*, at P. 1–2, but that such efforts have been futile.

   a. Specifically, after Plaintiff willfully violated this Court's Order by failing to submit to the mutually-scheduled skin-prick examination on September 18, 2018, Plaintiff's

238066

counsel called Defendant's counsel to inform MEC that Plaintiff did not submit to the Court-ordered examination, and that he would advise MEC whether Plaintiff would reschedule the examination on the following day.

   b. On September 19, 2018, because no response was provided by Plaintiff as represented, and after receiving and analyzing the recordings from September 17 and 18, 2018, MEC's counsel contacted Plaintiff's counsel to advise of likely need to file this Motion, and to request a conference call to attempt a good faith conference. **Exhibit 5**, Correspondence Dated September 19, 2018.

   c. On September 20, 2018, after receiving MEC's counsel's email, and despite the information obtained from Dr. Bell in the course of their conversation on September 18, Plaintiff's counsel dispatched a letter to MEC stating that Plaintiff refused to submit to the skin-prick examination because of the presence of an office aquarium in the lobby, and inquiring as to whether there was another location at which Dr. Bell could conduct the skin-prick examination. **Exhibit 6**, Correspondence from J. Gilker Dated September 20, 2018. This letter did not reference the fact that Plaintiff also apparently refused to submit to the skin-prick examination because she did not want Dr. Bell to "put that on [her] skin[,]" which she thought could cause her to "go into a coma and . . . die." *Exhibit 2(A)*.

   d. MEC's counsel responded to this letter and advised that there were no other reasonable locations in which Dr. Bell could conduct the examination, and that this Court's Order specifically rejected Plaintiff's attempt to unilaterally decide whether a testing location is safe. **Exhibit 7**, Good Faith Correspondence Dated September 21 & 25, 2018; *ECF No. 47*, at P. 9. MEC's counsel also advised that an attempt to request Dr. Bell to perform the skin-prick examination in a foreign and unknown environment could actually present a safety concern,

238066

rather than alleviate such concerns.[1] MEC's counsel and Plaintiff's counsel talked by telephone on September 27, 2018, in a final good faith attempt at resolving the matters raised in this Motion. The parties failed to reach any resolution.

9. Accordingly, although MEC believes that this Motion is not a discovery motion that requires a good faith conference, MEC asserts that it materially attempted to confer with Plaintiff's counsel, but to no avail. Additionally, given the issues involved and the analysis required under Rules 37 and 41, MEC respectfully asserts that the issues raised in this Motion would be difficult to resolve by holding a pre-filing conference call with the Court.

10. This Motion is further supported by the following referenced exhibits:

**EXHIBIT 1**　**Scheduling Correspondence Exchanged Between Counsel**

**EXHIBIT 2**　**Affidavit of Evelyn Aponte, with Multimedia Attachments[2]**

**EXHIBIT 3**　**Correspondence Dated September 18, 2018**

**EXHIBIT 4**　**Affidavit of Dr. Matthew Bell**

**EXHIBIT 5**　**Correspondence Dated September 19, 2018**

**EXHIBIT 6**　**Correspondence from J. Gilker Dated September 20, 2018**

**EXHIBIT 7**　**Good Faith Correspondence Dated September 21 & 25, 2018**

---

[1] Dr. Bell's Affidavit specifically states that, in his medical opinion, there is no safety or health risk presented to Plaintiff by being in the general vicinity of an office aquarium. In fact, Plaintiff's IgE blood test result from her September 18, 2018 sample confirms that she has no IgE mediated seafood allergy.

[2] This exhibit contains a compact disc with two multimedia files. The first file is a digital copy of a voicemail left by Plaintiff for the Hedberg Clinic on September 17, 2018, titled "Hedberg Clinic Voicemail – LeMaire – 9.17.18", saved in .MP3 format. The second file is a video recorded by Ms. Evelyn Aponte, a Hedberg employee, of her conversation with Plaintiff on September 18, 2018, titled "Video of Conversation with LeMaire – 9.18.18", saved in .MOV format. A placeholder image of the data disc is uploaded on the Court's CM/ECF system, and the compact disc itself will be conventionally filed with the Court. MEC will also serve Plaintiff's counsel with a copy of the compact disc via U.S. Mail and via e-mail.

238066

WHEREFORE, for the reasons set forth in this Motion and as further detailed in its accompanying Brief in Support, Defendant Monster Energy Company respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint with prejudice pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, and to further sanction Plaintiff by ordering her to pay reasonable attorneys' and expert fees and costs incurred in connection with her willful contempt of the Court's August 30, 2018 Order, and to grant all other just and proper relief to which it is entitled.

Respectfully submitted,

*/s/ Missy McJunkins Duke*
Missy McJunkins Duke (#99167)
Abtin Mehdizadegan (#2013136)
**CROSS, GUNTER WITHERSPOON
 & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone:  501-371-9999 / Fax:  501-371-0035
E-mail:  mduke@cgwg.com
             abtin@cgwg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2018, I served the foregoing document to all parties of record using the Court's CM/ECF System, via U.S. Mail, and via email:

Joseph F. Gilker
Chris Woomer
GILKER AND JONES, P.A.
9222 North Highway 71
Mountainburg, Arkansas  72946
gilkerlaw@aol.com
chris.woomer@gilkerandjones.com

*/s/ Missy McJunkins Duke*
Missy McJunkins Duke

238066