# Abtin Mehdizadegan

**From:** Abtin Mehdizadegan
**Sent:** Tuesday, September 25, 2018 2:30 PM
**To:** 'Gilker and Jones'
**Cc:** 'Joe Gilker'; 'chris.woomer@gilkerandjones.com'; Missy Duke
**Subject:** RE: LeMaire v. Monster

Joe,

I am following up on my email below and would like to know whether you have any time today or tomorrow for a conference call to discuss Ms. LeMaire's skin-prick examination issue. Please advise as to your availability.

Regards,

Abtin


ABTIN MEHDIZADEGAN | ATTORNEY



Cross, Gunter, Witherspoon & Galchus, P.C.

abtin@cgwg.com | www.cgwg.com

Office: (501) 371-9999 | Cell: (501) 529-1163 | Fax: (501) 371-0035

500 President Clinton Avenue, Suite 200

Little Rock, Arkansas 72201

CGWG Is A Proud Member Of The Employment Law Alliance

CONFIDENTIALITY STATEMENT

This electronic message transmission, and any prior or subsequent transmissions in the same "e-mail chain", contains information from the law firm of Cross, Gunter, Witherspoon & Galchus, P.C. and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (501-371-9999) immediately.

**From:** Abtin Mehdizadegan
**Sent:** Friday, September 21, 2018 11:01 AM
**To:** 'Gilker and Jones' <attorneys@gilkerandjones.com>
**Cc:** Joe Gilker <gilkerlaw@aol.com>; chris.woomer@gilkerandjones.com; Missy Duke <mduke@cgwg.com>
**Subject:** RE: LeMaire v. Monster

Joe,

EXHIBIT 7

1

We received your letter dated September 20, 2018. To make the record clear, you and I did not speak yesterday, though you told me that you would call me yesterday when we spoke on September 18, 2018. While Plaintiff apparently provided a blood sample to Quest Diagnostics—I do not have independent confirmation of same and am simply taking your word for it—she nevertheless failed to submit to her skin-prick examination as scheduled and as required by the Court's August 30, 2018 Order.

Though your letter states that Plaintiff did not submit to the examination because of the presence of an aquarium in the lobby, it omits some critical information. First, on September 17, 2018, one day prior to the scheduled examination, Plaintiff left a voicemail for the Hedberg Clinic in which she said, among other things: "So what are you going to do to me tomorrow, Dr. Bell? What are you going to do to me tomorrow? **This is life and death and have been told to me for 25 years I could die in two minutes by a skin prick test.**" This statement foreshadowed the events that occurred on the following day in the Hedberg Clinic's parking lot, which leads to the second omission from your letter: in addition to refusing to submit to the examination because of the decorative office aquarium, your client also said the following when she wasn't screaming derogatory language at Dr. Bell's front office employee: "**I'm gonna cause a freaking scene right now** because this is my life. I walk in there and I can die. I walk in there and y'all **put that on my skin** I can go into a coma and I can die. Y'all are not going to freaking kill me. Monster Energy has done enough. They've given me my choice of life and death, and **I am not choosing death by Dr. Bell.**" Finally, your letter fails to address why Plaintiff refused to submit to the exam even after Dr. Bell's front desk employee offered to allow Plaintiff to enter the Clinic through a back door, such that she would not even be in the same room as the aquarium.

Moreover, even if Plaintiff's only basis for refusing to submit to her Court-ordered and mutually scheduled examination was based on the presence of the aquarium alone, it bears repeating that there is no objective evidence that Plaintiff even has a seafood allergy. That is, in large part, the reason why Judge Holmes ordered Plaintiff to submit to the medical examination in the first place. Dr. Bell has also advised that even if Plaintiff has a seafood allergy, the presence of the aquarium could not cause her to experience an allergic reaction. In the same ken, the Court's Order expressly rejected any attempt—like the request in your letter—for Plaintiff to unilaterally determine whether a particular testing location is safe. Rather, Plaintiff was ordered to submit to the examination at the Hedberg Clinic's Fayetteville location in an appropriate, controlled clinical environment equipped to handle any potential allergic reactions, including anaphylaxis. Dr. Bell's office is equipped to handle anaphylaxis, and as the Court stated, there is "no reason to believe Dr. Bell's clinic is unsafe." ECF No. 47, at P. 9.

Likewise, as you already know from your communication with Dr. Bell during which you asked him whether he would be able to perform the examination at a location other than at his clinic, Dr. Bell has no alternative locations. We also submit that this request would be highly disruptive for Dr. Bell, would require MEC to incur additional and unnecessary costs of paying for Dr. Bell and his staff to travel to this location, finding a location that would meet with Plaintiff's satisfaction, and paying to rent that location—all without the technical tools and administrative systems that Dr. Bell requires to safely and professionally perform the examination. More to the point, it would be significantly less safe to ask or expect Dr. Bell to perform the skin-prick examination in an unknown and unfamiliar location.

With respect, your letter's attempt to assert that Plaintiff *only* refused to submit to the examination due to the presence of a decorative office aquarium in reception area of the Hedberg Clinic is inaccurate. Plaintiff on two occasions stated her apparent belief that she could die if she underwent the skin-prick examination. She also refused to submit to the examination when Dr. Bell's staff even offered to lead her through the back entrance such that she wouldn't be in the same room as the aquarium. Finally, your recollection of Plaintiff's medical records from July 27, 2016 is faulty: Plaintiff told the emergency room that she had a rash, but no rash was noted in her records—just the fact that she was hyperventilating and anxious. There is no objective evidence

that Plaintiff has ever had an allergic reaction when in the presence of an aquarium, and her attempt to salvage her lawsuit on this basis is unavailing.

Given these issues, and again in light of the impending scheduling deadlines, MEC intends to bring this matter to the Court's attention. We believe that we have attempted to communicate with you in good faith, but to no avail.

Regards,


ABTIN MEHDIZADEGAN | ATTORNEY



Cross, Gunter, Witherspoon & Galchus, P.C.

abtin@cgwg.com | www.cgwg.com

Office: (501) 371-9999 | Cell: (501) 529-1163 | Fax: (501) 371-0035

500 President Clinton Avenue, Suite 200

Little Rock, Arkansas 72201


CGWG Is A Proud Member Of The Employment Law Alliance


CONFIDENTIALITY STATEMENT

This electronic message transmission, and any prior or subsequent transmissions in the same "e-mail chain", contains information from the law firm of Cross, Gunter, Witherspoon & Galchus, P.C. and is confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (501-371-9999) immediately.

**From:** Gilker and Jones [mailto:attorneys@gilkerandjones.com]
**Sent:** Thursday, September 20, 2018 10:07 AM
**To:** Abtin Mehdizadegan <Abtin@CGWG.com>
**Cc:** Joe Gilker <gilkerlaw@aol.com>; chris.woomer@gilkerandjones.com
**Subject:** LeMaire v. Monster


Mr. Mehdizadegan:

Joe Gilker asked me to send this to you.

Lynne Chamblee
Secretary to Joseph F. Gilker
Gilker and Jones, P.A.
9222 N. Highway 71
Mountainburg, Arkansas 72946
Telephone: (479) 369-4294

3